UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**FILED**

**06/07/2024**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Roger A.G. Sharpe, Clerk**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:24-cr-00105-JRS-MKK |
| | ) | |
| JOSHUA SIMS, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and, Tiffany J. Preston, Assistant United States Attorney ("the Government"), and the defendant, Joshua Sims ("the defendant"), in person and by counsel, Gwendolyn Beitz, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### Guilty Plea and Charge(s)

1. **Plea of Guilty:** The defendant having waived the right to indictment by a grand jury, petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offense(s) charged in the Information:

    **a.** Count One, which charges that the defendant committed the offense of Sexual Exploitation of a Child, in violation of Title 18, United States Code, Section 2251(a) and (e).

      **b.**      Count Two, which charges that the defendant committed the offense of Possession of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

      **c.**      Count Three which charges that the defendant committed the offense of Committing a Felony Offense while Required to Register as a Sex Offender under Title 18, United States Code, Section 2260A.

**2.**      **Potential Maximum Penalties**:

      **a.**      The offense set forth in Count One, charging Sexual Exploitation of a Child under Title 18, United States Code, Section 2251(a) and (e), is punishable by a term of imprisonment for not less than 25 years but not more than 50 years, a $250,000 fine, and a Lifetime period of supervised release following any term of imprisonment.

      **b.**      The offense set forth in Count Two, charging Possession of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct, in violation of Title 18, United States Code, Section 2252A(a)(5)(B), is punishable by a term of imprisonment for not less than 10 years, but not more than 20 years, a $250,000 fine, and a Lifetime period of supervised release following any term of imprisonment.

      **c.**      Pursuant to Title 18, United States Code, Section 3584, these counts may be run consecutively to each other for a total maximum sentence of 70 years' imprisonment on these counts.

      **d.**      Defendant has at least one qualifying prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography.

e.   Count Three, the offense of Committing Felony Offense while Required to Register as a Sex Offender under Title 18, United States Code, Section 2260A requires that 10 years be run consecutive to any sentence imposed under Count One.

3.   **Elements of the Offense:**   To sustain the offenses to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

### Count One - Sexual Exploitation of a Child

a.   The defendant did knowingly employ, use, persuade, induce, entice, and coerce a minor;

b.   To engage in any sexually explicit conduct, as such conduct is defined in 18 U.S.C. § 2256(2);

c.   For the purpose of producing any visual depictions of such conduct; and

d.   While knowing or having reason to know that such visual depictions would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed; or such visual depictions were produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including a computer, or such visual depictions were actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

### Count Two - Possession of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct

a.   The defendant knowingly possessed the material identified in the information; and

b.   The material identified in the information is child pornography; and

c.      The defendant knew that one or more persons depicted in the material identified in the information was under the age of eighteen years; and

d.      The material identified in the information has been mailed, shipped in interstate or foreign commerce, transported in interstate or foreign commerce, produced using materials that have been mailed, shipped or transported in a manner affecting interstate or foreign commerce.

**Count Three - Committing Felony Offense while Required to Register as a Sex Offender**

a.      The defendant is required to register as a sex offender under Federal or other law; and

b.      The defendant committed a felony offense involving a minor under Title 18, United States Code, Section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425.

**General Provisions**

**4.**      **Sentencing Court's Discretion Within Statutory Range:**  The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory

sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

5. **Sentencing Court Not Bound by Guidelines or Recommendations:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6. **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

7. **No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant

further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

**8.    Rights Under Rule 11(b), Fed. R. Crim. P.:**  The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy.  The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court.  The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

<u>Sentence of Imprisonment</u>

**9.    Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):**  The parties have **<u>not</u>** agreed upon a specific sentence.  The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

> **a.    Government's Recommendation:**    The Government has agreed to recommend a sentence of no greater than a total of 60 years' imprisonment, provided that the defendant (i) continues to fully accept responsibility for the offense, (ii) does not

---

[1]Title 18, U.S.C. §§ 3141-3156, <u>Release and Detention Pending Judicial Proceedings</u>.

6

commit a new criminal offense before the date of any sentencing, and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing. The United States is free to recommend a sentence anywhere up to a total of 50 years on Counts One and Two regardless of the final Sentencing Guidelines Calculation by the Court at sentencing. The United States will also ask the Court to impose the consecutive 10-year sentence on Count Three as required by statute.

      **b.**    **Defendant's Recommendation:** The defendant understands that he is free to recommend any sentence but understands that he cannot be sentenced to a total term of imprisonment of less than 35 years.

      **c.**    **Joint Recommendation:** The Government and the defendant jointly recommend a Lifetime term of supervised release.

      **d.**    **Joint Agreement of the Parties:** The parties agree that throughout the defendant's entire sentence and term of supervised release, he will have no direct or indirect contact with Minor Victim 1 or his/her family.

**10.**    **Placement:** The defendant requests that this Court recommend to the Federal Bureau of Prisons that the defendant serve any sentence of imprisonment imposed in this case at an institution named at the time of sentencing. The defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons. The Government does not object to the defendant's requested recommendation.

**11.**    **Programs and/or Treatment:** The defendant requests that this Court recommend to the Federal Bureau of Prisons that the defendant participate in specific programs or receive specific treatment, specifically intensive sex offender treatment while serving any sentence of imprisonment imposed in this case. The defendant acknowledges and understands that any

recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons. The Government does not object to the defendant's requested recommendation.

12. **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning the terms and conditions of the Lifetime period of supervised release.

## Monetary Provisions and Forfeiture

13. **Mandatory Special Assessment:** The defendant will pay a total of $300 assessment on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

14. **Fine:** The Government will not advocate for a fine at sentencing, and leaves the decision regarding the imposition of the fine in the discretion of the District Court.

15. **Restitution:** Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. §3663A, applies and that the Court is required to order the Defendant to make restitution to all the victims of defendant's crimes. There is no agreement as to the maximum amount of restitution. Defendant agrees that the amount of restitution ordered by the Court shall include Defendant's total offense conduct and is not limited to the counts of conviction. The Defendant agrees to pay restitution for all losses caused by the Defendant's conduct, regardless of whether counts of the Indictment or Information dealing with such losses will be dismissed as part of this plea agreement. Pursuant to Title 18, United States Code, Section 3663(a)(3), the Defendant agrees to pay **no less than $10,000 to Minor Victim 1**. The Defendant further agrees to make restitution to any person whose child exploitation visual depictions were possessed by the Defendant. The Defendant also agrees that any restitution ordered by the Court

shall not be dischargeable in any bankruptcy proceeding, and the Defendant will not seek or cause to be sought a discharge or a finding of dischargeability of the restitution obligation.

16.     **The Court shall order restitution under 18 U.S.C. §2259 in an amount to be determined by the Court as follows:**

   a.     **Determining the full amount of a victim's losses.**  For victims other than Minor Victim 1, the Court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim under 18 U.S.C. §2259(b) and (c)(2).

   b.     **Determining a restitution amount**.  After completing the determination required under subparagraph (A), the Court shall order restitution in an amount that reflects the Defendant's relative role in the causal process that underlies the victim's losses.  For other victims whose sexually explicit visual depictions were possessed, distributed, received, or transported by the Defendant, the amount of restitution ordered by this Court **shall be no less than $3,000 per victim**.  These funds are intended to allow these victims to obtain counseling, support, treatment, or other assistance related to their victimization.

   c.     **Ongoing investigation:**  The parties understand that the United States has not yet determined through its investigation whether any victims in the child pornography possessed by the Defendant, other than Minor Victim 1 can be identified or will seek such restitution.

   d.     **Payment schedule:**  The Defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change.  In that event, and consistent with its statutory obligations,

the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

17.   **Special Assessments for offenses committed after December 7, 2018:**

   a.   **JVTA Special Assessment:**  The Court may order the Defendant to pay a special assessment as may be required by the Juvenile Victims of Trafficking Act (JVTA) Special Assessment of $5,000, unless the Court determines that the Defendant is indigent. 18 U.S.C. §3014.

   b.   **18 U.S.C. §2259A Special Assessment:**  If the Defendant is convicted of violating 18 U.S.C. §2251(a) for an offense involving the production of child pornography, the Court shall order an additional Special Assessment of up to $50,000. 18 U.S.C. §2259A(a)(3). If the Defendant is convicted of violating 18 U.S.C. §2252A(a)(2) for an offense involving trafficking in child pornography, then the Court shall order an additional Special Assessment of up to $35,000. 18 U.S.C. §2259A(a)(2).

   c.   **Determining the Amount of 18 U.S.C. §2259A assessment:**  The Court shall consider the factors under 18 U.S.C. §3553(a) and §3572 including the Defendant's income, earning capacity, and financial resources in determining the amount of the 18 U.S.C. §2259A child pornography assessments within the range indicated.

   d.   **Effect of Other Penalties:**  Imposition of the 18 U.S.C. §2259A does not relieve a Defendant of or entitle a Defendant to reduce the amount of any other penalty by the amount of the assessment.

   e.   **Disbursement of payments**:  Any money received from a Defendant shall be disbursed so that each of the following obligations is paid in full in the following sequence:

i. A special assessment under 18 U.S.C. §3013.

ii. Restitution to victims of any child pornography offense that the Defendant committed (charged or uncharged conduct).

iii. A child pornography assessment under 18 U.S.C. §2259A.

iv. Any other amount imposed under section of Title 18 of the United States Code, including any JVTA assessment under 18 U.S.C. § 3014.

v. All other fines, penalties, costs, and other payments required under the sentence.

**18.** The Defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change. In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

**19. Obligation to Pay Financial Component of Sentence**: If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release. The defendant has a continuing obligation to pay the financial component of the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The defendant also authorizes the Government to inspect and copy all financial documents and

information held by the United States Probation Office. If the defendant is ever incarcerated in connection with this case, the defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

**20.** Defendant understands that any forfeiture order entered by the court is mandatory and is a part of defendant's sentence**.** Defendant stipulates and agrees to the immediate entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), against Defendant, directly forfeiting each of the following property items, which the parties stipulate and agree:

      a.      Any visual depiction described in Title 18, United States Code, sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

      b.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense[s]; and

      c.      Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense[s],

all of which are therefore subject to forfeiture pursuant to Title 18, United States Code, Section 2253. The property includes but is not limited to:

      A.      Samsung, SM-G96OU, Galaxy S9, IMEI: 355028093175216;
      B.      Orbic RC609L Smart phone, IMEI: 351036180169921; and
      C.      Motorola Moto G Stylus 5G, IMEI: 357160653718263 with Micro SD card.

**21.** Defendant acknowledges and agrees that any and all property in which Defendant has an interest, and that are not already subject to direct forfeiture, are subject to forfeiture as

substitute assets under Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461.

22.    Defendant agrees not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the conduct described in the Indictment/Information filed in this case. Defendant waives any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Indictment/Information and agrees that a default or final judgment of forfeiture may be entered against Defendant's interest without further notice to Defendant or Defendant's attorney.

23.    Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Indictment/Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture into the judgment. Defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding pertaining to this forfeiture. Defendant waives the right to be informed of any potential forfeiture at the time Defendant's guilty plea is accepted, pursuant to Rule 11(b)(1)(J).

24.    This Court shall retain jurisdiction to settle any disputes arising from application of this cause. Defendant agrees that forfeiture of substitute assets, as authorized in this Plea Agreement and by 21 U.S.C. § 853(p), shall not be deemed an alteration of Defendant's sentence and that forfeiture of the assets described above shall not be treated as satisfaction of any restitution, fine, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

25.    Defendant hereby waives any and all constitutional and statutory challenges he could raise on any ground and in any manner (including by direct appeal, habeas corpus, or any

other means) to any forfeiture carried out in accordance with this plea agreement, including any argument that the forfeiture constitutes an excessive fine or punishment.

26. **Abandonment**: If any of the property is not forfeited, the Defendant abandons all right, title, and interest the Defendant may have in the property so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity, without further notice or obligation whatsoever owing to the Defendant. The Defendant consents to the vesting of title to the listed property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. Defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of the property. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property. Defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

## Factual Basis for Guilty Plea

27. The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea of guilty to the offenses set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

Joshua Sims is a resident of Indianapolis, which is in the Southern District of Indiana. Minor Victim 1 was a child under the age of two who resided in the Southern District of Indiana. Victim 2 is Sims' relative.

On or about May 1, 2006, Sims was convicted in Dekalb Superior Court 1 for Child Molesting, a class B felony, under cause # 17D01-0510-FB-00015, and was sentenced to 7 years' imprisonment. As a result of his conviction, Sims was required to register as a sex offender for Life.

Between on or about February 23, 2023, and on or about March 7, 2023, and while Sims was required to register as a sex offender, Sims resided with Minor Victim 1's relatives in the Southern District of Indiana. Sims' relative, Victim 2, also resided with Sims and Minor Victim 1. During this time period, and during the criminal offenses set forth below, Minor Victim 1 was in Sims' care, custody and control.

Between on or about February 23, 2023, and on or about March 7, 2023, within the Southern District of Indiana and elsewhere, the defendant, Joshua Sims, did employ, use, persuade, induce, entice, and coerce a minor, namely Minor Victim 1, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and such visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, as more particularly described in the Count below and as set forth in the Information:

| Count | Approximate Date | File Name and Description |
|-------|------------------|---------------------------|
| 1 | March 7, 2023 | VID_20230307_164106513.mp4 – This video depicts Minor Victim 1 naked on a on a bed, with Sims' erect penis in the frame. Sims takes Minor Victim 1's hand and uses it to stroke his penis. Sims then rubs the tip of his penis against Minor Victim 1's lips, then places his hand on the top of Victim 2's head and moves her mouth to his penis. Sims then returns |

| | | his penis to Minor Victim 1's mouth and the tip of his penis makes contact with Minor Victim 1's tongue. Sims then positions himself between Minor Victim 1's legs and rubs his penis against her genitals. |
|---|---|---|

In addition to producing the video set forth above, between on or about February 23, 2023, and on or about March 7, 2023, Sims further produced one more video and created screenshots which he created from those videos depicting Minor Victim 1 engaged in sexually explicit conduct, including lascivious exhibition of Minor Victim 1's anus, genitals, or pubic area, while Minor Victim 1 was in Sims' care, custody, and control. Sims admits that his offenses against Minor Victim 1 involved the commission of a sexual act or sexual contact.

During the time period in which Sims sexually exploited Minor Victim 1 as set forth above, he was an individual required by Federal or other law to register as a sex offender, and he committed a felony offense involving a minor under Title 18, United States Code, Section 2251, in violation of Title 18, United States Code, Section 2260A.

Sims further admits that he distributed the video set forth in Count 1 and other images of Minor Victim 1 to others via the Internet using Application A. Sims further admits that he knowingly possessed the child sex abuse material he produced depicting Minor Victim 1 and Victim 2 set forth above on his Motorola cellular phone, model Moto G Stylus 5G, IMEI: 357160653718263, and accompanying micro SD card, which were manufactured outside the State of Indiana.

Additionally, SIMS admits that on or about April 17, 2023, within the Southern District of Indiana and elsewhere, the Defendant, JOSHUA SIMS, did knowingly possess material, namely a Motorola Moto G Stylus 5G, IMEI: 357160653718263 with Micro SD card, that contained one or more visual depictions that had been mailed, shipped and transported using any means and facility

of interstate and foreign commerce, or had been shipped and transported in and affecting interstate and foreign commerce, or which was produced using materials which had been mailed and shipped and transported using any means and facility of interstate and foreign commerce, including by computer, the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, and included depictions of minors under the age of 12 years. Included among the images and videos SIMS possessed are those identified using the file names listed below.

|   | **File** | **Description** |
|---|----------|-----------------|
| **A** | Blowing-the-dog_Girl_Hardcore_Pedophilia_White_Full-quality.webm | This is known as a file from the Jenny series. It depicts a prepubescent female engaged in sexually explicit conduct with a dog, using the dog's penis to penetrate her mouth. |
| **B** | 4_6032690327859496905 (1).mp4 | This video shows an adult female engaged in sexually explicit conduct with a prepubescent male, using her fingers to penetrate the anus of the prepubescent male's anus. The child appears less than 12 years of age. |
| **C** | 1_5152417182608523447 (1).mp4 | This video shows an adult male engaged in sexually explicit conduct with a prepubescent male, penetrating his anus with his penis. The child appears less than 12 years of age. |
| **D** | VID-20180630-WA0041.mp4 | This video shows an adult female engaged in sexually explicit conduct with a prepubescent male child, using the male child to penetrate her genitals with his penis. The child appears to be less than 12 years of age. |

He further admits that he knowingly possessed more than 600 images or videos constituting child sex abuse material that he obtained from the internet on the same Motorola phone and micro SD card, and that his collection included images and videos depicting children under the age of 12, including and as young as toddlers, engaged in sexually explicit conduct that included sadomasochistic conduct and bestiality.

## Other Conditions

28.     **Background Information:**  The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence.  The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

29.     **Good Behavior Requirement:**  The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

30.     **Compliance with Federal and State Laws:**  The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

31.     **Potential Civil Commitment:**  The Defendant has been advised, and understands, that pursuant to 18 U.S.C. § 4248, the defendant faces potential civil commitment as a sexually dangerous person following the expiration of his term of imprisonment.  The defendant understands that any potential civil commitment would be the subject of a separate civil proceeding.  The defendant further understands that no one, including his attorney or the Court,

can predict with certainty the effect of the defendant's conviction on such a civil commitment determination or the likelihood that civil commitment would be imposed. The defendant understands that civil commitment can be imposed for an indefinite period of time. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any potential civil commitment consequences that the defendant's plea may entail.

32. **Sex Offender Registration**: The Defendant shall register as a sex offender with the appropriate authorities of any state in which she resides, is employed, or attends school as required by both federal and state law, pursuant to 18 U.S.C. § 3583(d) and the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. § 16913, et seq.

## Sentencing Guideline Stipulations

33. **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2023 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

    I.    Chapter 2 Offense Conduct

    A.    Count 1: 18 U.S.C. § 2251(a)

    i.    The Base Offense level is **32**. U.S.S.G. § 2G2.1(a).

    ii.    Age of Victim: The material involved a minor who had not attained the age of twelve years. This results in a **4**-level increase. U.S.S.G. § 2G2.1(b)(1)(A).

iii.     Sexual Act:  The offense involved the commission of a sexual act or sexual contact.  This results in a **2**-level increase.  U.S.S.G. § 2G2.1(b)(2)(A).

iv.     Distribution:  The offense involved knowing distribution. This results in a **2**-level increase.  U.S.S.G. § 2G2.1(b)(3).

v.     Relationship: The minor was otherwise in the custody, care, or supervisory control of the defendant.  This results in a **2**-level increase.  U.S.S.G. § 2G2.1(b)(5).

vi.     Use of computer: For the purpose of producing sexually explicit material, the offense involved (A) the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage sexually explicit conduct; or (B) the use of a computer or an interactive computer service to (i) persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct; or (ii) solicit participation with a minor in sexually explicit conduct.  This results in a **2**-level increase.  U.S.S.G. § 2G2.1(b)(6).

Subtotal: **44**

B.     Count 2: 18 U.S.C. § 2252A(a)(5)(B)

i.     The Base Offense Level is **18**. U.S.S.G. 2G2.(a)(1).

ii.     Age of Victim:  The material involved a minor who had not attained the age of twelve years.  This results in a **2**-level increase. U.S.S.G. § 2G2.2(b)(2).

iii.     Distribution:  The offense involved distribution.  This results in a **2**-level increase. U.S.S.G. 2G2.2(b)(3)(F).

iv.    Depiction of Violence: The material portrayed (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler. This results in a **4**-level increase.  U.S.S.G. 2G2.2(b)(4)

v.    The defendant engaged in a pattern of activity involving the sexual abuse of a minor.  This results in a **5**-level increase.  U.S.S.G. 2G2.2(b)(5)

vi.    The offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material.  This results in a **2**-level increase.  U.S.S.G. 2G2.2(b)(6).

vii.    Number of Images:  The offense involved more than 600 images or videos.  this results in a **5**-level increase.  U.S.S.G. 2G2.2(b)(&)(D).

Subtotal: **38**

C.    Count 3: 18 U.S.C. § 2260A

The guideline sentence for a conviction under 18 U.S.C. 2260A is the term of imprisonment required by statute, which is 10 years.  U.S.S.G. § 2A3.6(b).

II.    Chapter 3 Adjustments

A.    Multiple Counts:

i.    Pursuant to § 3D1.1(a)(1), Group 1 is Count 1 (18 U.S.C. § 2251(a)); Group 2 is Count 2 (18 U.S.C. § 2252A(a)(5)(B).   Chapter 3 Adjustments shall not apply to Count 3.  U.S.S.G. § 2A3.6.

ii.    Pursuant to § 3D1.1(a)(2) & 3D1.3, the offense levels applicable for each group are as follows: Group 1: 44; Group 2: 38. Highest offense level: 44

iii.    Pursuant to § 3D1.1(a)(3),  the total units are 1.5 units for an increase of **1** levels.

iv.  Subtotal **45**.

B.        Acceptance of Responsibility (U.S.S.G. § 3E1.1)

To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct.   Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant should receive a two (2) level reduction provided the defendant  satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing.  The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently.  After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level.  The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

ii.        Chapter 3 Subtotal **42**

III.        Chapter 4: Repeat and Dangerous Sex Offender Against Minors

i.        Application of 4B1.5: The Defendant engaged in a pattern of activity involving prohibited sexual conduct with a minor and the offense in Count One is a covered sex offense.  This results in a **5**-level increase. U.S.S.G. § 4B1.5(B)(1).

ii.        Subtotal:  **47**

**Final Offense Level**:  **43**  (Pursuant to Chapter 5, part A, comment n.2) in those rare instances where the total offense level is calculated in excess of 43, the offense level will be treated as a level 43.

**Waiver of Right to Appeal**

**34.    Direct Appeal:**  The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.   Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742.  The defendant further expressly waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

**35.    Later Legal Challenges:**   Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, <u>except</u> as follows:

    **a.    Ineffective Assistance of Counsel:**  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

    **b.    Retroactive Sentencing Guidelines Reductions:**  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive

Guidelines amendment. However, if the defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

        **c.**     **Motions for Compassionate Release:** As concerns this Section 3582 waiver, the defendant reserves the right to file motions seeking a "compassionate release" sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" set forth in U.S.S.G. § 1B1.13. The government reserves the right to oppose any motion for compassionate release on any grounds.

     **36.**    **No Appeal of Supervised Release Term and Conditions:** The defendant waives the right to appeal the length and conditions of the period of supervised release.

## Presentence Investigation Report

     **37.**    The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

     **38.**    The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

## Immigration Consequences

     **39.**    The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. The defendant also recognizes that removal will not occur until

service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

## Statement of the Defendant

40.    By signing this document, the defendant acknowledges the following:

a.    I have received a copy of the Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

b.    I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

c.    I have read the entire Plea Agreement and discussed it with my attorney.

d.    I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

e.    Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise

or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

f.      I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

g.      I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

h.      I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

i.      I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

j.      My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of

Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

    **k.**    My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

    **l.**    If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## Certificate of Counsel

**41.**    By signing this document, the defendant's attorney and counselor certifies as follows:

    **a.**    I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Information in this case;

    **b.**    To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

    **c.**    The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

  **d.**  In my opinion, the defendant's waiver of all reading of the Information in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

  **e.**  In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Final Provision

42.　**Complete Agreement:**　The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty.　This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

_6-6-2024_
DATE

_Tiffany J. Preston_
Tiffany J. Preston
Assistant United States Attorney

_6.6.24_
DATE

_Kyle Sawa_
Kyle M. Sawa
Chief, General Crimes Unit

_6-5-2024_
DATE

Joshua Sims
Defendant

_6-5-2024_
DATE

_Gwendolyn M. Beitz_
Gwendolyn Beitz
Counsel for Defendant